■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES WATKINS, Appellant, against ROBERT E. MURPHY, as Warden of Auburn State Prison, Respondent.— Order affirmed, without costs of this appeal to either party. Memorandum: Upon a finding that the crime which he committed in Texas while on parole from a New York conviction for assault second degree would have constituted a felony if committed in New York, the relator, pursuant to section 219 of the Correction Law, is presently serving that portion of the maximum term on the assault conviction which remained at the time of his parole. Article 1408 of the Texas Penal Code, of which he was convicted, defines robbery by assault as the fraudulent taking "from the person or possession of another" of any property by means of "assault, or violence, or putting in fear of life or bodily injury". These operative facts constitute robbery in New York. Section 2120 of the Penal Law requires an "unlawful taking of personal property, from the person or in the presence of another, against his will, by means of force, or violence, or fear of injury". The only other arguable distinction between these statutes is that the former requires a taking from "possession" while the latter requires a taking from "presence". However, "possession" has been interpreted to mean actual possession, that is, such control of the property that force or violence or fear of injury was a necessary means to effect the taking (*Barfield* v. *State*, 137 Tex. Cr. R. 256). So construed, "possession" is synonymous with "presence" (*Brooks* v. *People*, 49 N. Y. 436). The relator's argument that he was not "on parole" within the meaning of section 219 at the time that he committed the crime in Texas because he had previously been declared delinquent by the New York authorities is without merit (*People ex rel. Wilson* v. *Jackson*, 2 A D 2d 638; *People ex rel. Spurio* v. *Brophy*, 267 App. Div. 944, affd. 293 N. Y. 820). Neither is there any force to his contention that his New York sentence continued to run during his Texas imprisonment (see *People ex rel. Rainone* v. *Murphy*, 1 N Y 2d 367). The Parole Board did not regain custody over him prior to the termination of his imprisonment there. All concur. (Appeal from an order of Cayuga County Court dismissing a writ of habeas corpus and remanding relator to the custody of the warden of Auburn State Prison.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Williams, JJ.

■ HUGH McM. RUSS, Respondent, v. LAVINIA F. RUSS, Appellant.— Case held and matter remitted to the Official Referee to make findings of fact. (See *Mason* v. *Lory Dress Co.*, 277 App. Div. 660; *Hartman* v. *Hartman*, 279 App. Div. 606; *Spicer* v. *State of New York*, 285 App. Div. 862.) All concur. (Appeal by defendant from part of judgment of Ontario Supreme Court, awarding separation to the plaintiff husband and dismissing the wife's counterclaim, and awarding custody of the infant daughter to the wife, and directing the payment for the support of the child.) Present — McCurn, P. J., Kimball, Wheeler, Williams and Bastow, JJ.